IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| NAFIZ WATKINS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:20-cv-00208-JRR |
| IESHA BUTLER, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Pending before the court are *pro se* Defendant Gerald Solomon's Motion to Vacate Clerk's Entry of Default (ECF No. 251) and *pro se* Defendant Davon Telp's Motion to Vacate Clerk's Entry of Default (ECF No. 252) (collectively, the "Motions to Vacate"). Plaintiff has not opposed the Motions to Vacate. The court has reviewed all papers, and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Motions to Vacate (ECF Nos. 251, 252) will be granted.

As an initial matter, the court is mindful that the pleadings of *pro se* litigants are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). Under Federal Rule of Civil Procedure 55(c), the court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The Fourth Circuit has identified six factors that district courts should consider when determining whether to set aside an entry of default: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the

availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–205 (4th Cir. 2006). "In weighing these factors, a district court should not 'place[ ] overarching emphasis on a single *Payne* factor.'" *Old Republic Nat'l Title Ins. Co. v. Georg*, No. CV RDB-21-0842, 2023 WL 2185777, at *3 (D. Md. Feb. 23, 2023) (citing *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 419 (4th Cir. 2010)).

"The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and [her] action is not lightly to be disturbed by an appellate court." *Payne ex rel. Est. of Calzada*, 439 F.3d at 204 (quoting *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc.*, 616 F.3d at 417. *See also Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) ("[T]he law disfavors disposition by default and accords preference to resolving a case on its merits.").

Defendants Solomon and Telp assert the same defense to their default—that they both answered the third amended complaint and did not receive service of the Omnibus Amended Complaint[1] (ECF No. 171) because they both have since moved. (ECF Nos. 251, 252.) Defendant Telp filed his answer to Plaintiff's third amended complaint on March 11, 2022. (ECF No. 140.) Defendant Solomon also referenced his answer to the third amended complaint dated March 18, 2022, but it appears it was just emailed to counsel and mailed to Plaintiff, not filed with the court. (ECF No. 251-1.) In moving for entry of default, Plaintiff stated that a copy of the Omnibus Amended Complaint was served via First Class mail upon Defendants Solomon and Telp, but both

---

[1] The court concludes this is a reasonable inference from the Motions to Vacate in which Defendants Solomon and Telp's state that they "did not receive any additional summons." (ECF Nos. 251, 252.)

Defendants contend that their addresses have changed.  (ECF Nos. 194, 240.)  Further, at the time that Plaintiff served Defendants Solomon and Telp, neither received electronic notification via the court's CM/ECF system.  Given the multitude of filings, claims, and defendants in this action, as well as the fact that it has been ongoing for over four years, the court appreciates the complexity that this case may pose to counseled parties, let alone *pro se* litigants.

The court thus turns to its analysis of the *Payne* factors to determine whether it should grant Defendants Solomon and Telp's respective Motions to Vacate.

### **Meritorious Defense**

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997).  "The burden for proffering a meritorious defense is not onerous." *Russell v. Krowne*, No. CIV.A. DKC 08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013) (citing cases).  Because Defendants Solomon and Telp never received the Omnibus Amended Complaint, they have not provided any response beyond their purported answers to the now-outdated third amended complaint.  Defendants Solomon and Telp thus do not offer any evidence, but the court notes their status as *pro se* litigants and that they deny the use of "unwarranted or unlawful" force against Plaintiff,  deny Plaintiff's statements about the injury to his leg, and assert affirmative defenses in their attached answers.  (ECF Nos. 251-1, 251-1 at ¶¶ 14, 18–19, p. 8–9.)  However, even assuming neither Defendant has asserted a meritorious defense or evidence, the court still concludes that the remaining factors weigh sufficiently in favor of granting the Motions to Vacate.

### **Reasonable Promptness**

Madam Clerk entered default as to Defendants Solomon and Telp on March 20, 2024. (ECF No. 242.)  The notice of default was sent via postal mail to each Defendant that same day.

3

(ECF Nos. 243, 244.)  The notice to Defendant Telp was returned as undeliverable on April 18, 2024.  (ECF No. 254.)  Still, Defendants Solomon and Telp filed the Motions to Vacate within 30 days of the notice, as required by Local Rule 108.2.  (ECF Nos. 251, 252.)  The court is thus persuaded that both Defendants acted with reasonable promptness.  *See Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) (finding the party acted with reasonable promptness where default was entered on July 6th and the motion to vacate was filed August 8th).  This factor thus weighs in favor of granting the Motions to Vacate.

### **Personal Responsibility of the Defaulting Party / History of Dilatory Actions**

Given the facts of this case, the court analyzes these two factors together.  The default here appears to be the result of both Defendants not being served the Omnibus Amended Complaint, as their mailing addresses had changed and they did not receive electronic notifications.  There is no assertion by Plaintiff that Defendants Solomon and Telp's nonresponse was "motivated by any intent . . . to disregard or derail the legal process," nor that they have a history of dilatory actions. *Cofield v. Worktime, Inc.*, No. CV 22-00727-SAG, 2022 WL 2315723, at *2 (D. Md. June 28, 2022).  And while two years have passed since both Defendants appear to have last responded in this action, in view of their status as *pro se* litigants and the previous delays in this case, the court does not find evidence that their intent was to delay the litigation process.  As stated *supra*, this is a complex case that has been pending for over four years with multiple iterations of complaints, claims, and parties. These factors thus weigh in favor of granting the Motions to Vacate.

### **Prejudice to the Party**

"[D]elay in and of itself does not constitute prejudice to the opposing party."  *Colleton Preparatory Acad., Inc.*, 616 F.3d at 418.  There is no prejudice to Plaintiff where the disadvantage is simply the "los[s] [of] a quick victory." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).  Here, Plaintiff has not alleged any prejudice; indeed, he

only moved for entry of default once the court raised questions about Defendants Solomon and Telp's status at the off-record status/scheduling conference on February 6, 2024, almost ten months after Plaintiff thought he had effected service. (ECF Nos. 194, 234.) Further, despite having been pending for over four years, no scheduling order has yet been issued so there will be no prejudice to Plaintiff if default is vacated. *See Cofield*, 2022 WL 2315723, at *3 ("Because no scheduling order has yet been set in this case as a result of the multitude of motions that must be addressed first, there will be no prejudice to Plaintiffs if the default is vacated."). This factor thus weighs in favor of granting the Motions to Vacate.

### **Availability of Less Drastic Sanctions**

Finally, in light of the court's foregoing analysis, it does not conclude, nor does Plaintiff argue, that less drastic sanctions are warranted, such as assessment of costs or attorneys' fees. *See id.* ("Typically, less drastic sanctions can include the assessment of costs and attorney's fees relating to the need to seek default. . . . Moreover, because service was improper, assessing sanctions of any sort would be inappropriate."). *See also Mezu v. Morgan State Univ.*, No. CIV.A. WMN-09-2855, 2010 WL 1068063, at *6 (D. Md. Mar. 18, 2010) ("[T]he extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court.") (quoting *Mobil Oil Co. De Venez. v. Parada Jimenez,* 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993)). This factor thus weighs in favor of granting the Motions to Vacate.

Accordingly, upon consideration of the *Payne* factors and in the interest of permitting the claims and defenses to be resolved on their merits, the court will grant the Motions to Vacate (ECF Nos. 251, 252). It is this 6th day of May 2024,

**ORDERED** that Defendant Solomon's Motion to Vacate Clerk's Entry of Default (ECF No. 251) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Defendant Telp's Motion to Vacate Clerk's Entry of Default (ECF No. 252) shall be, and I hereby, **GRANTED**; and further it is

**ORDERED** that the Clerk's Entry of Default at ECF No. 242 shall be, and is hereby, **VACATED**; and further it is

**ORDERED** that Madam Clerk shall transmit a copy of the corrected Omnibus Amended Complaint (ECF No. 181) to Defendants Solomon and Telp at the addresses identified in their respective filings at ECF Nos. 251-3 and 253 and transmit a copy of this order to the parties; and further it is

**ORDERED** that Defendants Solomon and Telp shall each file a response to the Omnibus Amended Complaint (ECF No. 171) within 21 days of this order; and further it is

**ORDERED** that Defendants Solomon and Telp shall comply with the requirement of Local Rule 102.1.b.iii (D. Md. 2023) and promptly file with the Clerk any changes of address where case-related papers may be served.

/s/
Julie R. Rubin
United States District Judge