IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NAFIZ WATKINS,
   *Plaintiff,*

v.

OFFICER IESHA BUTLER, et al.
   *Defendants*

Action No. 20-cv-0208-JJR

### REPORT AND RECOMMENDATION (REDACTED 8/23/24)[1]

Plaintiff Nafiz Watkins has sued 30 defendants, alleging constitutional violations in connection with his treatment while detained. In his Omnibus Amended Complaint (ECF No. 171, the "Complaint"), filed March 2, 2023, he named as defendants 20 individual officers of the Maryland Department of Public Safety and Correctional Services (DPSCS), along with Corizon Health, Inc., Clayton Raab, Talmadge Reeves, Monica Stallworth (the "Corizon Health Defendants"), Wexford Health Sources Inc., Oiuyemi Abiodun, Fasil Wubu, Mulugeta Akal, Kelly Bickford, Crystal Jamison, Munjanja Litell, Lum Maximuangu, and Olufemi Olawale (collectively "Wexford Health Defendants"), and YesCare.

---

[1] As noted below, several of the filings pertinent to this motion were filed under seal: ECF Nos. 237, 239, 245. Neither of Plaintiff's filings (ECF Nos. 237 and 245) were accompanied by a motion to seal, as required by Local Rule 105(11). Nonetheless, because the summonses and affidavit of service contain personal addresses, and a description and identification of a family member of defendant Butler, this Report and Recommendation will be provisionally filed under seal. *See Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011) (explaining that "sensitive medical or personal identification information may be sealed"). Because no motions to seal were filed, the record does not reflect whether any information other than the address and family member description requires sealing. If no motion to seal is filed within 14 days, the Court will file an unsealed but redacted version, redacting the information underlined below.

On May 10, 2024, Plaintiff filed a chart summarizing the status of his claims against those defendants. ECF No. 263. One of the defendants on whom Plaintiff contends he served the Complaint, but who has not filed a responsive pleading, is defendant Brittain Butler.[2] The Clerk of Court has entered default with respect to Officer Butler. ECF No. 265. Plaintiff has now requested entry of default judgment against Officer Butler "as to liability." ECF No. 283 ("Motion"). That motion has been referred to me for a report and recommendation. ECF No. 292. No hearing is necessary. *See* Loc. R. 105(6). For the reasons that follow, I recommend that the Motion be denied.

## FACTS

The allegations in the Complaint pertinent to Officer Butler are described below. Here I describe the facts pertinent to service of process. On May 26, 2023, Plaintiff requested a summons issued to Officer Butler at address "███████████████," which the Clerk of Court issued as requested on June 14, 2023. ECF No. 195-3, ECF No. 196. It appears Plaintiff did not serve Officer Butler with that complaint; the record does not reflect what attempts, if any, were made to do so.

On February 20, 2024, Plaintiff requested that the Clerk "re-issue the summonses for Defendant Brittain Butler." ECF No. 237. The requested summons included a different address for Officer Butler, this time "Brittain Butler, ███████████████." ECF No. 237-1. That request was filed under seal, but without an accompanying motion to seal. In any event, the Clerk issued the new summons the same day. ECF No. 239.

---

[2] In the complaint, Plaintiff spells Mr. Butler's first name as Brittain. In his motion for a default judgment, he spells the name as Brittain in one place, and Brittan in others. The affidavit of service contains a third spelling, Britian. ECF No. 245. The record does not reflect which spelling is correct.

2

Plaintiff then arranged for the Complaint and summons to be served on Officer Butler. Plaintiff has filed an "Affidavit of Substituted Service," setting forth the steps taken to serve Officer Butler. ECF No. 245 (filed March 22, 2024). That affidavit, like the February 20, 2024, summons request, was filed under seal, but with no accompanying motion to seal. It explains that the process server, Jeff Forman, contracted by Legal Process Servers LLC, personally served "BUTLER, Britian Dior" on March 15, 2024, with the Omnibus Amended Complaint, And Jury Demand (ECF No. 171) by "delivering a true and correct copy of the documents" at address ███ "into the hands of and leaving with ███ ███" ECF No. 245. Affiant describes the person "actually served" as "███." *Id.*

The address of service, ███, is a different address than the address set forth on the summons. *Compare* ECF No. 239 *with* ECF No. 245. But the affidavit states that the ███ address "is the dwelling house or usual place of abode of [Britian Butler]." ECF No. 245.

Plaintiff's motion for default judgment is accompanied by an affidavit from Plaintiff's counsel, Samuel P. Morris, attesting that he has "inquired of the Department of Defense Manpower Data Center of the United States on June 25, 2024 to determine if Britain D. Butler is a member of the Armed Services," and confirmed that Officer Butler "is not in the Armed Services as defined in the Service Members Civil Relief Act," and has not been "for the preceding 365 days." ECF No. 283 ¶¶ 2, 4.

3

## ANALYSIS

Plaintiff's motion requires the Court to determine (a) whether Officer Butler was properly served with the Complaint and summons, (b) whether the allegations in the Complaint that pertain to Officer Butler (as opposed to other defendants) establish a right to relief, and (c) whether, in the Court's discretion, entry of default judgment is appropriate.

As for service of process, Rule 4 of the Federal Rules of Civil Procedure sets forth, among other things, the requirements for effecting service of process on an individual. Fed. R. Civ. P. 4(e). One way to do so is through "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Here, the affidavit of service reflects that the complaint and summons were served at "the dwelling house or usual place of abode of [Britian Butler]." ECF No. 245. Although this does not appear to be the address as to which Plaintiff requested the summons, and although neither the affidavit nor motion explain the discrepancy, the process server's averment that the service address is Mr. Butler's "dwelling house or usual place of abode" suffices to show that service was made "at the individual's dwelling or usual place of abode" as required by Rule 4(e)(2)(B). And because the process server attests that he hand-served the complaint and summons on a person representing herself as Defendant Butler's daughter, age 18, *see* ECF No. 245, Plaintiff has shown that the Complaint and summons were left "with someone of suitable age and discretion who resides there," as also required by Rule 4(e)(2)(B). Accordingly, based on the present record, I recommend the Court conclude that the Complaint and summons to Mr. Butler were properly served. The record also reflects that Mr. Butler has not filed any responsive pleading, and no counsel has entered an appearance on his behalf.

Under Federal Rule of Civil Procedure 55(a), default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, the Clerk of Court has entered a default against Officer Butler. ECF No. 266. Plaintiff has now moved for entry of a default *judgment* under Rule 55(b)(2), which applies where, as here, a plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation." *See* Fed. R. Civ. P. 55(b)(1), (b)(2).

In general, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). But the failure of a defendant to plead or defend does not automatically entitle a plaintiff to entry of default judgment. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Rather, a default judgment may only be entered if "the well-pleaded allegations in [the plaintiff's] complaint *support the relief sought*." *Id.* (emphasis added). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered." *Meade Communities, LLC v. Walker*, No. 20-cv-200-CCB, 2020 WL 5759762, at *1 (D. Md. Sept. 28, 2020) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)).[3]

Mr. Watkins' complaint spans a number of years, and "arises out of multiple alleged physical assaults and indifference to Plaintiff's medical condition during Plaintiff's custody with

---

[3] Other rules apply where a plaintiff requests not only entry of default judgment as to liability, but also as to damages. Because Plaintiff's motion here is limited to default as to liability, the Court need not, for example, make a "determination of damages." *Compare, e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013).

the Maryland Division of Correction[s]." ECF No. 221 at 2, *Watkins v. Butler*, No. 1:20-cv-00208-JRR, 2024 WL 37995, at *1 (D. Md. Jan. 3, 2024). But for purposes of the instant motion for a default judgment against Officer Butler, the Court's necessary focus is on Plaintiff's allegations that pertain specifically to Officer Butler. They are the following: that Officer Butler "was, at all times relevant, employed by DPSCS as a Correctional Officer," Compl. ¶ 26; that, in the context of Plaintiff "having trouble breathing and experiencing chest pains" on December 2, 2017, and an alleged failure by defendant Sergeant Shawanda Jackson to secure medical treatment, Sergeant Jackson "called for" officers, including Officer Butler, who "were part of the Baltimore Central Regional Tactical Unit led by Captain Kevin Hickson," *id.* ¶¶ 103-104; that "[w]ithout warning, Defendants Telp, Crawford, Allen, Solomon, Hines, and Butler, grabbed Plaintiff from the table he was seated at, lifted him, and carried him to his cell," *id.* ¶ 106; and that they "restrained his arms, and kicked him in the back of his right femur," *id.* ¶ 283. Based on those factual allegations, the Complaint alleges that Officer Butler, and the other officers identified in paragraph 106, "used excessive force" and thereby "deprived Plaintiff of his rights under the Eighth Amendment." *Id.* ¶¶ 283-284.

      The question presented thus is this: with those factual allegations accepted as true, has Plaintiff shown that Officer Butler violated his rights under the Eighth Amendment?[4] Other than background facts, and allegations with respect to other defendants, the most pertinent factual allegations are that, on December 2, 2017, Officer Butler and/or the others listed in paragraph

---

[4] Although qualified immunity is available as an affirmative defense to a § 1983 claim, the Court does not address qualified immunity here, because Officer Butler has not appeared in this case. *See, e.g.*, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("Since qualified immunity is a defense, the burden of pleading it rests with the defendant.").

106 "grabbed Plaintiff from the table he was seated at, lifted him, and carried him to his cell" (¶ 106), "restrained his arms, and kicked him in the back of his right femur" (¶ 283).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain," which constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "An inmate's claim of excessive force involves both an objective and a subjective component." *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021). "The objective component measures the nature of the force employed, asking whether that force 'was sufficiently serious to establish a cause of action.'" *Id.* (quoting *Brooks v. Johnson*, 924 F.3d 104, 111 (4th Cir. 2019)). "This is not a high bar; de minimis or trivial force is not enough, but anything more will suffice." *Id.* "The more demanding part of the test . . . is the subjective component, which asks a single question: whether the officers acted with a 'sufficiently culpable state of mind.'" *Id.* (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). For an excessive force claim, the relevant state of mind is "wantonness in the infliction of pain." *Whitley*, 475 U.S. at 322. That inquiry "turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Dean*, 984 F.3d at 302 (quoting *Whitley*, 475 U.S. at 320-21).

Most of the allegations made against Officer Butler, even if accepted as true and with all allegations drawn in Plaintiff's favor, clearly do not rise to the level of alleging an Eighth Amendment violations, specifically the allegations that Officer Butler (with others) "grabbed Plaintiff from the table he was seated at, lifted him, and carried him to his cell," and "restrained his arms." The principal question is whether the allegation that one or more of the six officers identified in paragraphs 106 and 283 (Officers Davon Telp, Ronald Crawford, Bobby Allen, Gerald Solomon, Kemar Hines, and Brittain Butler) "kicked him in the back of his right femur"

7

establishes an Eighth Amendment claim *against Officer Butler*, in the absence of allegations regarding Officer Butler's specific role and his state of mind. I recommend that the Court conclude it does not, and in any event that Plaintiff has not shown that the Court should exercise its discretion and enter a default judgment against Officer Butler.

First, the Complaint does not specify what Officer Butler's role was in connection with the December 2, 2017 incident. For example, neither his complaint, nor his motion seeking default judgment, states which of the six officers identified in paragraph 283 kicked him. Given Mr. Watkins' prior leg injury, *see* Compl. ¶¶ 45, 108, and the various other surrounding circumstances alleged, that incident may end up entitling Mr. Watkins to relief from someone. But the allegations do not state with any specificity what role Officer Butler played in the incident.

Second, even insofar as paragraph 283 alleges that Officer Butler played some role in causing injury to his femur, and even insofar as the use of force alleged satisfies the objective component of the Eighth Amendment inquiry, *see Dean*, 984 F.3d at 302, the Complaint makes no factual allegations establishing that Officer Butler acted with "wantonness in the infliction of pain,", or "sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320-22.

Third, although the process server has attested that the address where the complaint and summons were served is "the dwelling house or usual place of abode" of Officer Butler, ECF No. 245, Plaintiff's motion for a default judgment does not explain why three different addresses appear in the record for Officer Butler; why the address of service is different from the address on the summons; or, in light of the fact that the complaint was served on a person who represented herself as Officer Butler's daughter, what efforts were made to confirm that Officer Butler in fact received the complaint. Those questions do not necessarily bring into question

8

whether the complaint was adequately served under Rule 4. But as noted above, entry of default judgment is discretionary. These questions surrounding service of process, particularly when combined with the thinness of the substantive allegations against Officer Butler as described above, further weaken any justification for entry of a default judgment against Officer Butler.

## CONCLUSION

For the foregoing reasons, I recommend that the Court deny the Motion and not enter default judgment against defendant Brittain Butler.

Date:   August 2, 2024

_____/s/_____
Adam B. Abelson
United States Magistrate Judge